JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

SWEET PEOPLE APPAREL, INC.
d/b/a MISS ME, a California
corporation, RCRV, INC. d/b/a ROCK
REVIVAL, a California corporation,
and DEODAR BRANDS, LLC d/b/a
MEK DENIM, a California limited
liability company,

                Plaintiffs,

     v.

VAULT DENIM, LLC, a Utah limited
liability company, XYZ COMPANIES
1-10, and JOHN AND JANE DOES 1-
10,

                Defendants.

Case No.:  2:13-cv-08959

**COMPLAINT FOR:**

(1) Copyright Infringement in Violation of 17 U.S.C. § 501;

(2) Trademark Counterfeiting and Trademark Infringement in Violation of 15 U.S.C. § 1114;

(3) Common Law Trademark Infringement and Unfair Competition;

(4) Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200 *et seq*.;

Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People"), RCRV, Inc. d/b/a Rock Revival ("RCRV"), and Deodar Brands, LLC d/b/a MEK Denim ("Deodar Brands") (collectively "Plaintiffs"), by and through their undersigned counsel, complain of Defendants Vault Denim, LLC ("Vault Denim"), XYZ Companies 1-10, and John and Jane Does 1-10 (collectively "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.  Plaintiff's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the State of California.

2.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

## NATURE OF THE ACTION

3.      Sweet People seeks injunctive relief and damages for acts of copyright infringement, trademark infringement and counterfeiting, false designation of origin, and common law trademark infringement and unfair competition, in violation of the laws of the United States and the State of California.

4.      RCRV seeks injunctive relief and damages for acts of trademark infringement and counterfeiting, false designation of origin, and common law trademark infringement and unfair competition, in violation of the laws of the United States and the State of California.

5.      Deodar Brands seeks injunctive relief and damages for acts of trademark infringement and counterfeiting, false designation of origin, and common law trademark infringement and unfair competition, in violation of the laws of the United

States and the State of California.

6.     In particular, this case concerns Defendants' willful, deliberate and systematic targeting of Sweet People, RCRV and Deodar Brands, and their infringement of a number of Sweet People's, RCRV's and Deodar Brands' most distinctive and popular designs used on and in connection with their highly successful lines of MISS ME, ROCK REVIVAL and MEK DENIM brand jeanswear products. After substantial resources had been expended by Sweet People, RCRV and Deodar Brands promoting and selling jeanswear products containing such designs, and after consumers had come to recognize such designs and associate them exclusively with Sweet People, RCRV or Deodar Brands, Defendants created, introduced and sold jeanswear products with virtually identical designs.  This conduct was undertaken in bad faith, was without Sweet People's, RCRV's or Deodar Brands' consent, and was engaged in by Defendants deliberately so that they could compete directly with Plaintiffs and siphon off sales from Sweet People's MISS ME jeanswear line, RCRV's ROCK REVIVAL jeanswear line and Deodar Brands' MEK DENIM jeanswear line.

## THE PARTIES

7.     Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

8.     Plaintiff RCRV is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

9.     Plaintiff Deodar Brands is a limited liability company duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

10.     Upon information and belief, Defendant Vault Denim, LLC is a limited liability company duly organized and existing under the laws of the State of Utah,

and maintains its principal place of business located at 5525 South 900 East, Salt Lake City, Utah 84117.

11.     Upon information and belief, Defendants Vault Denim is acting in conjunction with various Defendant XYZ Companies, denoted here as Defendant XYZ Companies 1-10, and John and Jane Does, denoted here as Defendants John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Sweet People, RCRV and Deodar Brands will amend the Complaint to include the names of these additional corporations and individuals.

### SWEET PEOPLE'S BUSINESS

12.     Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MISS ME brand name.  Sweet People's line of MISS ME brand jeanswear products is sold by such well-known fashion retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online.

13.     Over the past several years, the MISS ME brand of jeanswear and denim products has become very popular in the highly competitive jeanswear market.  Due to its popularity, Sweet People's MISS ME jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines, including *In Style*, *Elle*, *Glamour*, *944 Magazine*, *Harper's Bazaar*, *Lucky*, *Teen Vogue* and *Nylon*.  In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing MISS ME jeanswear.

14.     Among the many elements that identify MISS ME brand jeanswear products and distinguish them from the products of Sweet People's competitors are the unique and distinctive designs created by Sweet People and embroidered onto and/or otherwise affixed to its jeanswear products.  Such designs are used repeatedly by Sweet People on its MISS ME brand of jeanswear products, and have come to exclusively identify Sweet People as the source of such products.

15.     Among Sweet People's most important assets are the intellectual

property rights it owns in the unique and distinctive designs used on and in connection with its MISS ME line of jeanswear products.  Such designs, which are subject to copyright and/or trademark protection, include Sweet People's Wing Design, Fleur-de-lis Design, Beaded Cross Design, Cross Wing Design, CrossRoads Design, Split Fleur-de-lis Design, Wide M Design, Angel Wing Design, and FABRIC CUT OUT DESIGN (collectively these designs are referred to hereinafter as the "Sweet People Protected Designs," and together with the "RCRV Protected Design" or the "INVERTED FLEUR-DE-LIS DESIGN" (defined below) and the "Deodar Brands Protected Design" or the "M DESIGN" (defined below), as the "Protected Designs.").

## RCRV'S BUSINESS

16.    RCRV manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

17.    ROCK REVIVAL brand jeanswear is sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.

18.    Among the many elements that distinguish ROCK REVIVAL jeanswear from its competitors are a series of design elements embroidered onto the jeans that are used exclusively on ROCK REVIVAL jeanswear, and which have come to identify RCRV as the source of such products.  Such designs, which are subject to copyright and/or trademark protection, include RCRV's Inverted Fleur-de-lis Design Trademark (this design is referred to hereinafter as the "RCRV Protected Design" or the "INVERTED FLEUR-DE-LIS DESIGN"), which RCRV's predecessor created in 2005 and has been in continuous use by RCRV and its predecessor since at least as early as March 17, 2006.

**DEODAR BRANDS' BUSINESS**

19.    Deodar Brands manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MEK DENIM brand name.

20.    MEK DENIM brand jeanswear is sold at retail by such well-known fashion chain stores and department stores as Macy's, Dillard's and Nordstrom, both in-store and online.  MEK DENIM brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.

21.    Among the many elements that distinguish MEK DENIM jeanswear from its competitors are a series of design elements embroidered onto the jeans that are used exclusively on MEK DENIM jeanswear, and which have come to identify Deodar Brands as the source of such products.  Such designs, which are subject to copyright and/or trademark protection, include the distinctive M Design Trademark (this design is referred to hereinafter as the "Deodar Brands Protected Design" or the "M DESIGN"), which Deodar Brands created in 2005 and has been in continuous use by Deodar Brands on MEK DENIM jeanswear products since at least as early as November 30, 2005.

**SWEET PEOPLE'S WING DESIGN COPYRIGHT**

22.    Sweet People owns U.S. Copyright Registration No. VA 1-733-502, effective as of September 3, 2010, for its Wing Design (the "Wing Design") and Supplementary Registration No. 1-432-644, issued on September 16, 2010, for the Wing Design.  Copies of the registration certificates for the Wing Design are attached hereto as Exhibit A, along with a photograph of the Wing Design as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



23.　The Wing Design was created in 2009 by Sweet People and has been in continuous use by Sweet People on jeanswear products since at least as early as June 5, 2009.  Sweet People owns all right, title and interest in and to the Wing Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

24.　Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Wing Design.

### SWEET PEOPLE'S FLEUR-DE-LIS DESIGN COPYRIGHT

25.　Sweet People owns U.S. Copyright Registration No. VA 1-418-846, effective as of May 23, 2007, for its JP 4369 Back Pocket Design (the "Fleur-de-lis Design").  A copy of the registration certificate for the Fleur-de-lis Design is attached hereto as Exhibit B, along with a photograph of the Fleur-de-lis Design as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:

7

26.     The Fleur-de-lis Design was created by Sweet People in 2006 and has been in continuous use by Sweet People on jeanswear products since at least as early as October 3, 2006.  Sweet People owns all right, title and interest in and to the Fleur-de-lis Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

27.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Fleur-de-lis Design.

### SWEET PEOPLE'S BEADED CROSS COPYRIGHT

28.     Sweet People owns U.S. Copyright Registration No. VA 1-741-621, effective as of September 28, 2010, for its Beaded Cross JP5046 Design (the "Beaded Cross Design").  A copy of the registration certificate for the Beaded Cross Design is attached hereto as Exhibit C, along with a photograph of the Beaded Cross as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



29.     The Beaded Cross Design was created by Sweet People in 2008 and has been in continuous use by Sweet People on jeanswear products since at least as early as January 8, 2009.  Sweet People owns all right, title and interest in and to the Beaded Cross Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

30.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Beaded Cross Design.

8

1

**SWEET PEOPLE'S CROSS WING DESIGN COPYRIGHT**

2

31.     Sweet People owns U.S. Copyright Registration No. VA 1-740-392,

3

effective as of September 20, 2010, for its Cross Wing JP5117 Design (the "Cross

4

Wing Design").  A copy of the registration certificate for the Cross Wing Design is

5

attached hereto as Exhibit D, along with a photograph of the Cross Wing Design as

6

used by Sweet People on its MISS ME line of jeanswear, a copy of which also

7

appears below:

8

9

10



11

12

13

14

15

16

17

32.     The Cross Wing Design was created by Sweet People in 2009 and has

18

been in continuous use by Sweet People on jeanswear products since at least as early

19

as August 13, 2009.  Sweet People owns all right, title and interest in and to the Cross

20

Wing Design, which constitutes original and copyrightable subject matter under the

21

U.S. Copyright Act.

22

33.     Sweet People has duly complied with all relevant requirements of the

23

U.S. Copyright Act with respect to the Cross Wing Design.

24

**SWEET PEOPLE'S CROSSROADS DESIGN COPYRIGHT**

25

34.     Sweet People owns U.S. Copyright Registration No. VA 1-785-057,

26

effective as of August 4, 2011, for its CrossRoads JP5072 Design (the "CrossRoads

27

Design").  A copy of the registration certificate for the CrossRoads Design is attached

28

hereto as Exhibit E, along with a photograph of the CrossRoads Design as used by

9

Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



35.     The CrossRoads Design was created by Sweet People in 2009 and has been in continuous use by Sweet People on jeanswear products since at least as early as October 27, 2009.  Sweet People owns all right, title and interest in and to the CrossRoads Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

36.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the CrossRoads Design.

**SWEET PEOPLE'S SPLIT FLEUR-DE-LIS DESIGN COPYRIGHT**

37.     Sweet People owns U.S. Copyright Registration No. VA 1-807-380, effective as of December 28, 2011, for its Split Fleur de Lis JW530TB3 Design (the "Split Fleur-De-Lis Design").  A copy of the registration certificate for the Split Fleur-De-Lis Design is attached hereto as Exhibit F, along with a photograph of the Split Fleur-De-Lis Design as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



38.     The Split Fleur-De-Lis Design was created by Sweet People in 2010 and has been in continuous use by Sweet People on jeanswear products since at least as early as January 3, 2011.  Sweet People owns all right, title and interest in and to the Split Fleur-De-Lis Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

39.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Split Fleur-De-Lis Design.

### SWEET PEOPLE'S WIDE M DESIGN COPYRIGHT

40.     Sweet People owns U.S. Copyright Registration No. VA 1-733-503, effective as of September 3, 2010, for its Wide M Pocket Stitch Design (the "Wide M Design").  A copy of the registration certificate for the Wide M Design is attached hereto as Exhibit G, along with a photograph of the Wide M Design as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



41.     The Wide M Design was created by Sweet People in 2008 and has been in continuous by Sweet People use on jeanswear products since at least as early as August 15, 2008.  Sweet People owns all right, title and interest in and to the Wide M Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

42.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Wide M Design.

## SWEET PEOPLE'S ANGEL WING DESIGN COPYRIGHT

43.     Sweet People owns U.S. Copyright Registration No. VA 1-733-501, issued on September 3, 2010, for its Angel Wing Design.  A copy of the registration certificate for the Angel Wing Design is attached hereto as Exhibit H, along with a photograph of the Angel Wing Design as used by Sweet People on its MISS ME line of jeanswear products, a copy of which also appears below:



44.     The Angel Wing was created by Sweet People in 2009 and has been in continuous by Sweet People use on jeanswear products since at least as early as June 5, 2009.  Sweet People owns all right, title and interest in and to the Angel Wing Design, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

45.     Sweet People has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Angel Wing Design.

## SWEET PEOPLE'S FABRIC CUT OUT DESIGN TRADEMARK

46.     In 2005, Sweet People introduced a distinctive design consisting of decorative elements appearing in "cut out" portions of the rear waistband and pocket flaps on its jeanswear products (the "FABRIC CUT OUT DESIGN").  Sweet People

has continuously and exclusively used the FABRIC CUT OUT DESIGN on jeanswear products since September 2005, to the point where the FABRIC CUT OUT DESIGN has became the signature design of Sweet People's business.

47.    The FABRIC CUT OUT DESIGN is the subject of U.S. Trademark Registration No 4,065,486, registered on the Principal Register on December 6, 2011, for jeanswear products.  Sweet People's trademark registration for the FABRIC CUT OUT DESIGN is in full force and effect.  A copy of the registration certificate for Sweet People's FABRIC CUT OUT DESIGN along with a photograph of the FABRIC CUT OUT DESIGN as used by Sweet People on its MISS ME line of jeanswear products is attached hereto as Exhibit I.

48.    In addition to being, in and of itself, a highly distinctive design, as a result of Sweet People's uninterrupted and continuous promotion and sale of MISS ME brand jeanswear products bearing the FABRIC CUT OUT DESIGN, and the widespread editorial coverage of such products, Sweet People's FABRIC CUT OUT DESIGN has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade.  Accordingly, Sweet People's FABRIC CUT OUT DESIGN immediately identifies Sweet People as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

## RCRV'S INVERTED FLEUR-DE-LIS DESIGN TRADEMARK

49.    In 2005, RCRV's predecessor created a distinctive inverted fleur-de-lis design embroidered onto the rear pocket of its jeans (the "INVERTED FLEUR-DE-LIS DESIGN"), a new and unique design that was unlike anything used before in the jeanswear industry.  Given its innovative design characteristics, the INVERTED FLEUR-DE-LIS DESIGN is an inherently distinctive identifier that became immediately associated with ROCK REVIVAL brand jeanswear products.  Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR-DE-LIS DESIGN on jeanswear products since March 2006, to the point

1  where the INVERTED FLEUR-DE-LIS DESIGN has became the signature design of

2  RCRV's business.

3      50.    The INVERTED FLEUR-DE-LIS DESIGN is the subject of U.S.

4  Trademark Registration No. 4,248,371, registered on November 27, 2012 on the

5  Principal Register for jeanswear.  RCRV's trademark registration for the INVERTED

6  FLEUR-DE-LIS DESIGN is in full force and effect.  A copy of the registration

7  certificate for the INVERTED FLEUR-DE-LIS DESIGN along with a photograph of

8  the INVERTED FLEUR-DE-LIS DESIGN as used by RCRV on its ROCK

9  REVIVAL line of jeanswear products is attached hereto as Exhibit J.

10     51.    RCRV products bearing the INVERTED FLEUR-DE-LIS DESIGN are

11  distributed and sold in over 900 stores worldwide, including retailers such as

12  Nordstrom and The Buckle.  In addition, products bearing the INVERTED FLEUR-

13  DE-LIS DESIGN are featured on-line at RCRV's ROCK REVIVAL brand official

14  website, <www.rockrevival.com>, and are sold on various websites affiliated with

15  RCRV's authorized retail department stores.

16     52.    Accordingly, in addition to being, in and of itself, inherently distinctive,

17  the INVERTED FLEUR-DE-LIS DESIGN has, through extensive sales, promotion

18  and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the

19  exclusive source of such products.  As a result of RCRV's broad media exposure, and

20  the uninterrupted and continuing promotion and sale of ROCK REVIVAL jeanswear

21  bearing the INVERTED FLEUR-DE-LIS DESIGN, the design has acquired

22  distinctiveness, and has developed a strong secondary meaning among consumers and

23  the trade, immediately identifying RCRV as the exclusive source of products bearing

24  the INVERTED FLEUR-DE-LIS DESIGN, and signifying goodwill of incalculable

25  value.

26                **DEODAR BRANDS' M DESIGN TRADEMARK**

27     53.    Deodar Brands' M DESIGN is the subject of U.S. Trademark

28  Registration No. 3,613,153, registered on April 28, 2009 on the Principal Register for

apparel products.  Deodar Brands' trademark registration for the M DESIGN is in full force and effect.  A copy of the registration certificate for the M DESIGN, along with a photograph of the M DESIGN as used by Deodar Brands on the MEK DENIM line of jeanswear products, is attached hereto as Exhibit K.

54.    The M DESIGN is inherently distinctive, nonfunctional, and serves to identify Deodar Brands as the source/origin of the jeanswear products on which it appears.

55.    In addition to being, in and of itself, a highly distinctive design, as a result of Deodar Brands' uninterrupted and continuous promotion and sale of MEK DENIM brand jeanswear products bearing the M DESIGN, and the widespread editorial coverage of such products, Deodar Brands' M DESIGN has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade.  Accordingly, Deodar Brands' M DESIGN immediately identifies Deodar Brands as the exclusive source of products that bear the design, and signifies goodwill of incalculable value.

## DEFENDANTS' INFRINGING CONDUCT

56.    Upon information and belief, Defendants are currently, and at all times relevant hereto have been, engaged in the business of designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling jeanswear products under the TEN DENIM, PHILANTHROPIC DENIM, POLACIO and PROJECT brand names, among others.  In particular, upon information and belief, Defendant Vault Denim is the importer of record for such products, and is selling or otherwise transferring such products to the various Defendant XYZ Companies and John and Jane Does involved in Vault Denim's distribution network.

57.    Upon information and belief, Defendants are currently, and at all times relevant hereto have been, engaged in the business of importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling

jeanswear products under the LA IDOL and MISS CHIC brand names, among others.

58.   Upon information and belief, Defendants are creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and selling, or are causing to be created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Plaintiffs, jeanswear products bearing designs that are studied imitations of and/or substantially or confusingly similar to the Protected Designs (the "Infringing Designs").

59.   Photographs of the infringing wing designs created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are studied imitations of Sweet People's Wing Design, are attached hereto as Exhibit L.  A photographic comparison of Sweet People's Wing Design and Defendants' infringing wing designs is set forth below:

| Sweet People's Wing Design | Defendants' Wing Design |
| --- | --- |
|  |  TD1005C (Ten Denim) |
|  |  LA048CP (LA Idol) |

| **Sweet People's Wing Design** | **Defendants' Wing Design** |
|---|---|
|  |  LA048SK (LA Idol) |
|  |  LA048BM (LA Idol) |
|  |  LA048LP (LA Idol) |
|  |  LA984CP (LA Idol) |

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Sweet People's Wing Design | Defendants' Wing Design |
|---|---|
| | LA1027CP (LA Idol) |

60.    Photographs of the infringing fleur-de-lis designs created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are studied imitations of Sweet People's Fleur-de-lis Design, are attached hereto as Exhibit M.  A photographic comparison of Sweet People's Fleur-de-lis Design and Defendants' infringing fleur-de-lis designs is set forth below:

| Sweet People's Fleur-de-lis Design | Defendants' Fleur-de-lis Designs |
|---|---|
| | LA1029BM (LA Idol) |
| | LA1029SH (LA Idol) |

| Sweet People's Fleur-de-lis Design | Defendants' Fleur-de-lis Designs |
|---|---|
|  | <br>LA226LP (LA Idol) |
|  | <br>LA226SK (LA Idol) |
|  | <br>MC1902C (Miss Chic) |

1
2
3
4
5
6
7



| Sweet People's Fleur-de-lis Design | Defendants' Fleur-de-lis Designs |
|---|---|
| | MC331 (Miss Chic) |

8
9
10
11
12
13

61.     Photographs of the infringing beaded cross designs created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are studied imitations of Sweet People's Beaded Cross Design, are attached hereto as Exhibit N.  A photographic comparison of Sweet People's Beaded Cross Design and Defendants' infringing beaded cross designs is set forth below:

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Sweet People's Beaded Cross Design | Defendants' Beaded Cross Designs |
|---|---|
| | LA753LP (LA Idol) |
| | LA753BM (LA Idol) |

62.     A photograph of the infringing cross wings design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is a studied imitation of Sweet People's Cross Wings Design, is attached hereto as Exhibit O.  A photographic comparison of Sweet People's Cross Wings Design and Defendants' infringing cross wing design is set forth below:



| Sweet People's Cross Wings Design | Defendants' Cross Wings Design |
|---|---|
| | LA1406LP (LA Idol) |

63.     Photographs of the infringing crossroads designs created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are studied imitations of Sweet People's CrossRoads Design, are attached hereto as Exhibit P.  A photographic comparison of Sweet People's CrossRoads Design and Defendants' infringing crossroads designs is set forth below:



| Sweet People's CrossRoads Design | Defendants' CrossRoads Design |
|---|---|
| | LA229CP (LA Idol) |

| Sweet People's CrossRoads Design | Defendants' CrossRoads Design |
|---|---|
| | LA229L (LA Idol) |
| | LA1888CP (LA Idol) |

64.    Photograph of the infringing split fleur-de-lis designs created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which are studied imitations of Sweet People's Split Fleur-De-Lis Design, are attached hereto as Exhibit Q.  A photographic comparison of Sweet People's Split Fleur-De-Lis Design and Defendants' infringing split fleur de lis designs is set forth below:



| Sweet People's Split Fleur-De-Lis Design | Defendants' Split Fleur-De-Lis Design |
|---|---|
| | LA17969LP (LA Idol) |

1
2
3
4
5
6
7
8
9



| Sweet People's Split Fleur-De-Lis Design | Defendants' Split Fleur-De-Lis Design |
|---|---|
| | LA1736LP (LA Idol) |

10      65.   Photographs of the infringing wide M designs created, manufactured,
11
imported, exported, distributed, supplied, advertised, promoted, offered for sale
12
and/or sold by Defendants, which are studied imitations of Sweet People's Wide M
13
Design, are attached hereto as Exhibit R. A photographic comparison of Sweet
14
People's Wide M Design and Defendants' infringing wide M design is set forth
15
below:

| Sweet People's Wide M Design | Defendants' Wide M Designs |
|---|---|
| | PHD01SHD (Philanthropic Denim) |
| | JC102143 (Polacio) |

16
17
18
19
20
21
22
23
24
25
26
27
28

| Sweet People's Wide M Design | Defendants' Wide M Designs |
|---|---|
|  | LA2022LP (LA Idol) |

66.     A photograph of the infringing angel wing design created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants, which is a studied imitation of Sweet People's Angel Wing Design, is attached hereto as Exhibit S.  A photographic comparison of Sweet People's Angel Wing Design and Defendants' infringing angel wing design is set forth below:

| Sweet People's Angel Wing Design | Defendants' Angle Wing Design |
|---|---|
|  | LA854LP (LA Idol) |

67.     A photograph of the fabric cut out design used by Defendants on their jeanswear products, which is a studied imitations of Sweet People's FABRIC CUT OUT DESIGN, is attached hereto as Exhibit T.  A photographic comparison of Sweet

People's FABRIC CUT OUT DESIGN and Defendants' infringing fabric cut out design is set forth below:



| Sweet People's Fabric Cut Out Design | Defendants' Fabric Cut Out Design |
|---|---|
| | MC3355A (Miss Chic) |

68.   Photographs of the inverted fleur-de-lis designs used by Defendants on their jeanswear products, which are studied imitations of RCRV's INVERTED FLEUR-DE-LIS DESIGN, are attached hereto as Exhibit U.  A photographic comparison of RCRV's INVERTED FLEUR-DE-LIS DESIGN and Defendants' infringing inverted fleur-de-lis designs is set forth below:

| RCRV's Inverted Fleur-de-lis Design | Defendants' Inverted Fleur-De-Lis Designs |
|---|---|
| | PD1005J (Project) |
| | PD1004SKL (Project) |

| RCRV's Inverted Fleur-de-lis Design | Defendants' Inverted Fleur-De-Lis Designs |
|---|---|
|  | <br>PD1004J (Project) |
|  | <br>LA1617SH (LA Idol) |
|  | <br>LA382CP (LA Idol) |
|  | <br>LA382SK (LA Idol) |

| RCRV's Inverted Fleur-de-lis Design | Defendants' Inverted Fleur-De-Lis Designs |
|---|---|
|  |   LA382LP (LA Idol) |
|  |   LA783CP (LA Idol) |
|  |   LA783LP (LA Idol) |

| RCRV's Inverted Fleur-de-lis Design | Defendants' Inverted Fleur-De-Lis Designs |
|---|---|
| | LA1617BM (LA Idol) |
| | LA1617CP (LA Idol) |

69.    A photograph of the M design used by Defendants on their jeanswear products, which is a studied imitation of Deodar Brands' M DESIGN, is attached hereto as Exhibit V.  A photographic comparison of Deodar Brands' M DESIGN and Defendants' infringing M design is set forth below:



| Deodar Brands' M Design | Defendants' M Design |
|---|---|
| | PD10003C (Project) |

70.     Upon information and belief, Defendants distribute, supply, advertise, promote, offer for sale and/or sell products bearing one or more of the Infringing Designs throughout the United States, including in this judicial district.

71.     Defendants have deliberately, knowingly and faithfully created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold jeanswear products that infringe the Sweet People Protected Designs, RCRV's INVERTED FLEUR-DE-LIS DESIGN and Deodar Brands' M DESIGN.  As a result, the jeanswear products bearing the Sweet People's FABRIC CUT OUT DESIGN, RCRV's INVERTED FLEUR-DE-LIS DESIGN, and Deodar Brands' M DESIGN are likely to cause consumers, either at the point-of-sale or post-sale, to believe that products bearing the Infringing Designs are authorized, sponsored, approved, endorsed or licensed by Sweet People, RCRV or Deodar Brands, or are in some other way affiliated, associated, or connected with Sweet People, RCRV or Deodar Brands.

72.     Upon information and belief, Defendants were aware that the Protected Designs were well-known designs of Sweet People, RCRV and Deodar Brands at the time they began creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling the Infringing Designs.  Accordingly, upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Sweet People's rights in the Sweet People Protected Designs, RCRV's rights in the RCRV Protected Design and Deodar Brands' rights in the Deodar Brands Protected Design.

73.     Upon information and belief, Defendants intend to continue to design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

74.     Unless Defendants' conduct is enjoined, such conduct will severely

29

inhibit and/or destroy the ability of the Sweet People's FABRIC CUT OUT DESIGN to identify Sweet People as the exclusive source of goods to which they are affixed.

75.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the INVERTED FLEUR-DE-LIS DESIGN to identify RCRV as the exclusive source of goods to which it is affixed.

76.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the M DESIGN to identify Deodar Brands as the exclusive source of goods to which it is affixed.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## <u>(PLAINTIFF SWEET PEOPLE)</u>

77.     The allegations set forth in paragraphs 1 through 76 hereof are adopted and incorporated by reference as if fully set forth herein.

78.     Sweet People is the owner of a U.S. copyright registration for the Wing Design, which registration is in full force and effect.

79.     Defendants, without authorization from Sweet People, and after Sweet People created and first used the Wing Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Wing Design.

80.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Wing Design.

81.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

82.     Upon information and belief, Defendants intend to continue their willful

conduct, and will continue to willfully infringe Sweet People's copyright in the Wing Design, and to act in bad faith, unless restrained by this Court.

83.     Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

84.     The allegations set forth in paragraphs 1 through 83 hereof are adopted and incorporated by reference as if fully set forth herein.

85.     Sweet People is the owner of a U.S. copyright registration for the Fleur-de-lis Design, which registration is in full force and effect.

86.     Defendants, without authorization from Sweet People, and after Sweet People created and first used the Fleur-de-lis Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Fleur-de-lis Design.

87.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Fleur-de-lis Design.

88.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

89.     Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Fleur-de-lis Design, and to act in bad faith, unless restrained by this Court.

90.     Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

91.     The allegations set forth in paragraphs 1 through 90 hereof are adopted and incorporated by reference as if fully set forth herein.

92.     Sweet People is the owner of a U.S. copyright registration for the Beaded Cross Design, which registration is in full force and effect.

93.     Defendants, without authorization from Sweet People, and after Sweet People created and first used the Beaded Cross Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Beaded Cross Design.

94.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Beaded Cross Design.

95.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

96.     Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Beaded Cross Design, and to act in bad faith, unless restrained by this Court.

97.     Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

98.     The allegations set forth in paragraphs 1 through 97 hereof are adopted

32

and incorporated by reference as if fully set forth herein.

99.   Sweet People is the owner of a U.S. copyright registration for the Cross Wings Design, which registration is in full force and effect.

100.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Cross Wings Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Cross Wings Design.

101.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Cross Wings Design.

102.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

103.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Cross Wings Design, and to act in bad faith, unless restrained by this Court.

104.   Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

105.   The allegations set forth in paragraphs 1 through 104 hereof are adopted and incorporated by reference as if fully set forth herein.

106.   Sweet People is the owner of a U.S. copyright registration for the CrossRoads Design, which registration is in full force and effect.

107.   Defendants, without authorization from Sweet People, and after Sweet

People created and first used the CrossRoads Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to CrossRoads Design.

108.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the CrossRoads Design.

109.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

110.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the CrossRoads Design, and to act in bad faith, unless restrained by this Court.

111.   Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

112.   The allegations set forth in paragraphs 1 through 111 hereof are adopted and incorporated by reference as if fully set forth herein.

113.   Sweet People is the owner of a U.S. copyright registration for the Split Fleur De Lis Design, which registration is in full force and effect.

114.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Split Fleur De Lis Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Split Fleur De

34

Lis Design.

115.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Split Fleur De Lis Design.

116.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

117.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Split Fleur De Lis Design, and to act in bad faith, unless restrained by this Court.

118.   Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(PLAINTIFF SWEET PEOPLE)**

119.   The allegations set forth in paragraphs 1 through 118 hereof are adopted and incorporated by reference as if fully set forth herein.

120.   Sweet People is the owner of a U.S. copyright registration for the Wide M Design, which registration is in full force and effect.

121.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Wide M Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Wide M Design.

122.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Wide M Design.

123.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

124.   Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright in the Wide M Design, and to act in bad faith, unless restrained by this Court.

125.   Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## <u>(PLAINTIFF SWEET PEOPLE)</u>

126.   The allegations set forth in paragraphs 1 through 125 hereof are adopted and incorporated by reference as if fully set forth herein.

127.   Sweet People is the owner of a U.S. copyright registration for the Angel Wing Design, which registration is in full force and effect.

128.   Defendants, without authorization from Sweet People, and after Sweet People created and first used the Angel Wing Design on its jeanswear products, have created, manufactured, imported, exported, distributed, supplied, advertised, promoted, sold and/or offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Angel Wing Design.

129.   Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright in the Angel Wing Design.

130.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

131.   Upon information and belief, Defendants intend to continue their willful

conduct, and will continue to willfully infringe Sweet People's copyright in the Angel Wing Design, and to act in bad faith, unless restrained by this Court.

132.   Defendants' acts have irreparably harmed and will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

**NINTH CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)**

**(PLAINTIFF SWEET PEOPLE)**

133.   The allegations set forth in paragraphs 1 through 132 hereof are adopted and incorporated by reference as if fully set forth herein.

134.   By the acts alleged herein, Defendants are using a mark that is confusingly similar to, and/or substantially indistinguishable from, Sweet People's FABRIC CUT OUT DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the FABRIC CUT OUT DESIGN, in violation of 15 U.S.C. § 1114.

135.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the FABRIC CUT OUT DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited design mark, or as to a possible affiliation, connection or association between Sweet People and Defendants.

136.   Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the FABRIC CUT OUT DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

137.   Defendants' acts constitute willful trademark infringement and/or counterfeiting in violation of 15 U.S.C. § 1114.

138.   Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe and/or counterfeit Sweet

People's FABRIC CUT OUT DESIGN Trademark, unless restrained by this Court.

139.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

140.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
## (PLAINTIFF SWEET PEOPLE)

141.   The allegations set forth in paragraphs 1 through 140 hereof are adopted and incorporated by reference as if fully set forth herein.

142.   Upon information and belief, Defendants' use of a mark that is confusingly similar to the FABRIC CUT OUT DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and such products.

143.   Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing fabric cut out designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

144.   Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

145.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

146.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION
## (PLAINTIFF SWEET PEOPLE)

147.   The allegations set forth in paragraphs 1 through 146 hereof are adopted and incorporated by reference as if fully set forth herein.

148.   By deliberately designing, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing the infringing fabric cut out designs, Defendants are deceptively attempting to "pass off" their products as those of Sweet People, or as somehow related to or associated with, or sponsored or endorsed by, Sweet People, thereby exploiting Sweet People's reputation and goodwill in the marketplace.

149.   Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and Defendants' products, in violation of Sweet People's rights under the common law of the State of California.

150.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

151.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

152.   Defendants' acts have irreparably harmed and, unless enjoined, will

continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

153.   Pursuant to the common law of the State of California, Sweet People is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from Defendants' willful conduct.

154.   Sweet People is further informed and believes that Defendants' conduct was oppressive, fraudulent and malicious, and is thereby entitled to an award of punitive damages.

## TWELFTH CLAIM FOR RELIEF
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
### (PLAINTIFF SWEET PEOPLE)

155.   The allegations set forth in paragraphs 1 through 154 hereof are adopted and incorporated by reference as if fully set forth herein.

156.   The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

157.   Upon information and belief, Sweet People has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, Sweet People has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of Sweet People's FABRIC CUT OUT DESIGN Trademark has been diminished by Defendants' actions.

158.   Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

159.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in

law or equity entitled.

160.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Sweet People, and Sweet People has no adequate remedy at law.

161.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Sweet People is entitled to injunctive relief and an award of attorneys' fees and costs.

### THIRTEENTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)
### (PLAINTIFF RCRV)

162.   The allegations set forth in paragraphs 1 through 161 hereof are adopted and incorporated by reference as if fully set forth herein.

163.   By the acts alleged herein, Defendants are using a mark that is confusingly similar to, and/or substantially indistinguishable from, RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the INVERTED FLEUR-DE-LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

164.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited design mark, or as to a possible affiliation, connection or association between RCRV and Defendants.

165.   Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

166.   Defendants' acts constitute willful trademark infringement and/or

counterfeiting in violation of 15 U.S.C. § 1114.

167.   Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe and/or counterfeit RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

168.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

169.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm RCRV, and RCRV has no adequate remedy at law.

## FOURTEENTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
## (PLAINTIFF RCRV)

170.   The allegations set forth in paragraphs 1 through 169 hereof are adopted and incorporated by reference as if fully set forth herein.

171.   Upon information and belief, Defendants' use of a mark that is confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and such products.

172.   Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing inverted fleur-de-lis designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

173.   Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

174.   Upon information and belief, by their willful acts, Defendants have

42

made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

175.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm RCRV, and RCRV has no adequate remedy at law.

## FIFTEENTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION
## (PLAINTIFF RCRV)

176.   The allegations set forth in paragraphs 1 through 175 hereof are adopted and incorporated by reference as if fully set forth herein.

177.   By deliberately designing, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing the infringing inverted fleur-de-lis designs, Defendants are deceptively attempting to "pass off" their products as those of RCRV, or as somehow related to or associated with, or sponsored or endorsed by, RCRV, thereby exploiting RCRV's reputation and goodwill in the marketplace.

178.   Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and Defendants' products, in violation of RCRV's rights under the common law of the State of California.

179.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

180.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

181.   Defendants' acts have damaged and, unless enjoined, will continue to

irreparably damage RCRV, and RCRV has no adequate remedy at law.

182.   Pursuant to the common law of the State of California, RCRV is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from Defendants' willful conduct.

183.   RCRV is further informed and believes that Defendants' conduct was oppressive, fraudulent and malicious, and is thereby entitled to an award of punitive damages.

**SIXTEENTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

<u>**(PLAINTIFF RCRV)**</u>

184.   The allegations set forth in paragraphs 1 through 183 hereof are adopted and incorporated by reference as if fully set forth herein.

185.   The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

186.   Upon information and belief, RCRV has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, RCRV has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark has been diminished by Defendants' actions.

187.   Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

188.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

44

189.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm RCRV, and RCRV has no adequate remedy at law.

190.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, RCRV is entitled to injunctive relief and an award of attorneys' fees and costs.

**SEVENTEENTH CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT & COUNTERFEITING (15 U.S.C. § 1114)**

**(PLAINTIFF DEODAR BRANDS)**

191.   The allegations set forth in paragraphs 1 through 190 hereof are adopted and incorporated by reference as if fully set forth herein.

192.   By the acts alleged herein, Defendants are using a mark that is confusingly similar to, and/or substantially indistinguishable from, Deodar Brands' M DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the M DESIGN Trademark, in violation of 15 U.S.C. § 1114.

193.   Upon information and belief, Defendants' use of a mark that is confusingly similar to, and/or substantially indistinguishable from, the M DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited design mark, or as to a possible affiliation, connection or association between Deodar Brands and Defendants.

194.   Upon information and belief, Defendants have acted with knowledge of Deodar Brands' ownership of the M DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

195.   Defendants' acts constitute willful trademark infringement and/or counterfeiting in violation of 15 U.S.C. § 1114.

196.   Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe and/or counterfeit

Deodar Brands' M DESIGN Trademark, unless restrained by this Court.

197.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

198.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Deodar Brands, and Deodar Brands has no adequate remedy at law.

## EIGHTEENTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
## (PLAINTIFF DEODAR BRANDS)

199.   The allegations set forth in paragraphs 1 through 198 hereof are adopted and incorporated by reference as if fully set forth herein.

200.   Upon information and belief, Defendants' use of a mark that is confusingly similar to the M DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Deodar Brands and Defendants, and/or between Deodar Brands and such products.

201.   Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the infringing M designs, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

202.   Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

203.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

204.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Deodar Brands, and Deodar Brands has no adequate remedy at law.

**NINETEENTH CLAIM FOR RELIEF**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**<u>(PLAINTIFF DEODAR BRANDS)</u>**

205.   The allegations set forth in paragraphs 1 through 204 hereof are adopted and incorporated by reference as if fully set forth herein.

206.   By deliberately designing, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing the infringing M designs, Defendants are deceptively attempting to "pass off" their products as those of Deodar Brands, or as somehow related to or associated with, or sponsored or endorsed by, Deodar Brands, thereby exploiting Deodar Brands' reputation and goodwill in the marketplace.

207.   Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products, or as to a possible affiliation, connection or association between Deodar Brands and Defendants, and/or between Deodar Brands and Defendants' products, in violation of Deodar Brands' rights under the common law of the State of California.

208.   Upon information and belief, by their actions, Defendants intend to continue their infringing and unfairly competitive acts, unless restrained by this Court.

209.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

210.   Defendants' acts have irreparably harmed and, unless enjoined, will

47

continue to irreparably harm Deodar Brands, and Deodar Brands has no adequate remedy at law.

211.   Pursuant to the common law of the State of California, Deodar Brands is entitled to injunctive relief and an award of damages and/or Defendants' profits resulting from Defendants' willful conduct.

212.   Deodar Brands is further informed and believes that Defendants' conduct was oppressive, fraudulent and malicious, and is thereby entitled to an award of punitive damages.

**TWENTIETH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**<u>(PLAINTIFF DEODAR BRANDS)</u>**

213.   The allegations set forth in paragraphs 1 through 212 hereof are adopted and incorporated by reference as if fully set forth herein.

214.   The aforesaid acts of Defendants constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

215.   Upon information and belief, Deodar Brands has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because its monetary and property interests have been damaged by the aforesaid actions of Defendants.  By way of example, upon information and belief, Deodar Brands has lost sales of its jeanswear products due to Defendants' aforesaid conduct, and/or the value of the M DESIGN Trademark has been diminished by Defendants' actions.

216.   Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive conduct, unless restrained by this Court.

217.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

218.   Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Deodar Brands, and Deodar Brands has no adequate remedy at law.

219.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Deodar Brands is entitled to injunctive relief and an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Sweet People, RCRV and Deodar Brands demand judgment against Defendants as follows:

1.   Finding that, (i) as to Counts 1-8, Defendants engaged in copyright infringement against Plaintiff Sweet People in violation of 17 U.S.C. § 501; (ii) as to Count 9, Defendants engaged in willful trademark infringement and/or counterfeiting against Plaintiff Sweet People in violation of 15 U.S.C. § 1114; (iii) as to Count 10, Defendants engaged in willful false designation of origin and unfair competition against Plaintiff Sweet People in violation of 15 U.S.C. § 1125(a); (iv) as to Count 11, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California against Plaintiff Sweet People; (v) as to Count 12, Defendants engaged in willful unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.* against Plaintiff Sweet People; (vi) as to Count 13, Defendants engaged in willful trademark infringement and/or counterfeiting against Plaintiff RCRV in violation of 15 U.S.C. § 1114; (vii) as to Count 14, Defendants engaged in willful false designation of origin and unfair competition against Plaintiff RCRV in violation of 15 U.S.C. § 1125(a); (viii) as to Count 15, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California against Plaintiff RCRV; (ix) as to Count 16, Defendants engaged in willful unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.* against Plaintiff RCRV; (x) as to Count 17, Defendants engaged in willful trademark infringement and/or

49

counterfeiting against Plaintiff Deodar Brands in violation of 15 U.S.C. § 1114; (xi) as to Count 18, Defendants engaged in willful false designation of origin and unfair competition against Plaintiff Deodar Brands in violation of 15 U.S.C. § 1125(a); (xii) as to Count 19, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California against Plaintiff Deodar Brands; (xiii) as to Count 20, Defendants engaged in willful unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*. against Plaintiff Deodar Brands.

2.     That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)     Importing, distributing, supplying, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other designs substantially similar in appearance to the Sweet People Copyrighted Designs and/or confusingly similar in appearance to Sweet People's FABRIC CUT OUT DESIGN Trademark, RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, or Deodar Brands' M DESIGN Trademark, and engaging in any other activity constituting an infringement of any of Sweet People's rights in and to the Sweet People Protected Designs, RCRV's rights in and to the INVERTED FLEUR-DE-LIS DESIGN Trademark and Deodar Brands' rights in and to the M DESIGN Trademark;

(b)     Engaging in any activity constituting unfair competition with Sweet People, RCRV or Deodar Brands, or acts practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with Sweet People, RCRV or Deodar Brands.

3.     That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, imported,

50

exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Sweet People, RCRV or Deodar Brands, have been authorized by Sweet People, RCRV or Deodar Brands, or are related to or associated in any way with Sweet People, RCRV or Deodar Brands or their products.

4.    That Defendants be required to recall all products bearing the Infringing Designs along with all advertising and promotional materials bearing images of such Infringing Designs, and thereafter to deliver up for destruction all Infringing Designs, artwork, packaging, advertising and promotional materials, and any means of making such items.

5.    That Defendants be directed to file with the Court and serve upon Sweet People, RCRV and Deodar Brands, within thirty (30) days after service of a judgment or order upon Defendant, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.    That the Court award Sweet People (i) Defendants' profits and Sweet People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 17 U.S.C. §§ 504 and 505; and (ii) Sweet People's attorneys' fees and litigation-related expenses incurred herein.

7.    That the Court award RCRV (i) Defendants' profits and RCRV's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided under the common law of the State of California; and (iv) RCRV's attorneys' fees and litigation-related expenses incurred herein.

8.    That the Court award Deodar Brands (i) Defendants' profits and Deodar Brands' damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (iii) actual and punitive damages as provided under the common law of the State of California; and (iv) Deodar Brands' attorneys' fees and litigation-related expenses incurred herein.

9.    That Sweet People, RCRV and Deodar Brands be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

10.   That Sweet People, RCRV and Deodar Brands be awarded such additional and further relief as the Court deems just and proper.

Dated: December 4, 2013              ARNOLD & PORTER LLP


By: /s/ Eric D. Mason

    John C. Ulin
    John.Ulin@aporter.com
    Eric D. Mason
    Eric.Mason@aporter.com
    777 South Figueroa Street, 44th Floor
    Los Angeles, California  90017-5844
    Telephone:  (213) 243-4000
    Facsimile:  (213) 243-4199

    *Attorneys for Plaintiffs Sweet People Apparel, Inc, d/b/a Miss Me, RCRV Inc. d/b/a Rock Revival and Deodar Brands d/b/a MEK Denim*

65292596v2

52